**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4715**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRECOS TAYLOR, a/k/a Derrecos Taylor, a/k/a Reco,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, Chief District Judge.  (6:22-cr-00188-TMC-1)

_____

Submitted:  October 10, 2024                    Decided:  October 15, 2024

_____

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant. Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrecos Taylor pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 851, and possession with intent to distribute 500 grams or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 851. The district court sentenced Taylor to 235 months' imprisonment. On appeal, Taylor's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Taylor's guilty plea is valid and whether Taylor's sentence is reasonable. Taylor was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Taylor's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Taylor knowingly and voluntarily waived his right to appeal his convictions and sentence. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal

2

as to all issues within the scope of the appellate waiver, including the sentencing issue raised in the *Anders* brief.[*]

Although Taylor's appellate waiver covers his right to appeal his convictions, it does not preclude our review of counsel's challenge to the validity of Taylor's guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). We therefore deny in part the Government's motion to dismiss. Because Taylor did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). And we conclude that the district court did not err, let alone plainly so, in accepting Taylor's guilty plea. Indeed, the district court fully complied with Rule 11 and properly found that Taylor's plea was knowing, voluntary, and supported by an independent factual basis. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We are thus satisfied that Taylor's guilty plea is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver or not waivable by law. We therefore grant in part the Government's motion to dismiss

---

[*] Taylor's counsel contends that we should not enforce the appellate waiver as to Taylor's sentence because Taylor could not have known about any potential errors in his sentence when he pleaded guilty. But we have recognized that appellate "waivers are valuable precisely because they cover unforeseen circumstances and thus add certainty to the criminal proceeding." *United States v. Thornsbury*, 670 F.3d 532, 538 (4th Cir. 2012). Moreover, our review of the record does not reveal that Taylor has any potentially meritorious argument that his sentence is illegal. *See id.* at 539 (describing examples of sentencing issues that cannot be waived).

and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and affirm as to any issue not precluded by the appellate waiver.

This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taylor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4